UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RAMON K. JUSINO and ANN M. JUSINO,

                        Plaintiffs,

      against,

NEW YORK CITY DEPARTMENT OF
EDUCATION,

                        Defendants.

**MEMORANDUM AND ORDER**
22-cv-853 (LDH) (ST)

L SHANN D ARCY HALL, United States District Judge:

      Ramon K. Jusino and Ann M. Jusino ("Plaintiffs"), proceeding pro se, bring the instant action against the New York City Department of Education ("DOE" or "Defendant"), alleging violations of the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act ("Section 504"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL").  On September 29, 2023, the Court granted Defendant's motion pursuant to Federal Rules of Civil Procedure 12(b)(6) [1] for dismissal of Plaintiff's claims with regard to the incorporation of a Rapid Prompting Method ("RPM") accommodation into their son, W.J.'s, Individualized Education Program ("IEP") for the 2020-2021 and 2021-2022 school years.  Plaintiffs move pursuant to Federal Rule of Civil Procedure 60(b) and Local Civil Rule 6.3 for reconsideration of the Court's Order.

---

[1] Although Defendants only sought dismissal pursuant to Rule 12(b)(6), the Court *sua sponte* granted dismissal for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1), due to Plaintiffs' failure to exhaust administrative remedies under the IDEA.  *Jusino v. New York City Dep't of Educ.*, No. 22-CV-853, 2023 WL 6385703, at *3 n.2 (E.D.N.Y. Sept. 29, 2023).

# BACKGROUND[2]

Plaintiffs are the parents of an autistic student, W.J., who was enrolled at a school established for students with special needs. (Compl. ¶¶ 3, 16, ECF No. 1.) Plaintiffs, along with the school's psychologist, determined that W.J. would benefit most from a teaching method known as Rapid Prompting Method ("RPM"), however, Defendant failed to incorporate RPM into W.J.'s individualized educational program ("IEP"). (*Id.* ¶ 24.) Plaintiffs filed a due process complaint on February 28, 2018. (*Id.* ¶ 43.) On October 16, 2018, Impartial Hearing Officer ("IHO") John Farago issued a decision directing Defendant to incorporate RPM into W.J.'s IEP and to reimburse Plaintiffs for the costs of providing RPM services to W.J. during the school years between 2015 and 2019. (*Id.* ¶ 52.) Defendant added the RPM accommodation into W.J.'s IEP for the 2019-2020 year. (*Id.* ¶ 54.) On July 6, 2019, Plaintiffs filed a second due process complaint regarding the implementation of the RPM accommodation. (*Id.* ¶ 61.) Plaintiffs allege that, in the hearing before IHO Edgar De Leon, Defendant falsely represented that it had been providing W.J. with six hours of RPM per day. (*Id.* ¶¶ 62-70.) Based on these false statements, on May 24, 2020, IHO De Leon issued a decision stating that Defendant had properly utilized the RPM accommodation in W.J.'s IEP and that W.J. was receiving a free appropriate public education ("FAPE"). (*Id.*) Plaintiffs appealed this decision to the Office of State Review. (*Id.*) On August 6, 2020, State Review Officer ("SRO") Justyn P. Bates affirmed that Defendant utilized the RPM in W.J.'s 2019-2020 IEP, as required by the October 16, 2018 decision, and should continue to do so. (*Id.* ¶¶ 72-75.) Thereafter, on August 12, 2020, Plaintiffs discovered

---

[2] The Court assumes the parties' general familiarity with this litigation and recites only the facts relevant to Plaintiff's reconsideration motion.

2

that Defendant was not implementing the RPM accommodation with W.J. because it had unilaterally revised W.J.'s 2019-2020 IEP on April 3, 2020 to remove the use of RPM.  (*Id*. ¶ 81.)  Plaintiffs filed a third due process complaint on August 14, 2020.  (*Id*. ¶ 88.)  At a subsequent related proceeding, Defendant conceded that, although it previously claimed that it gave W.J. the RPM accommodation for six hours a day at school in accordance with the IEP, it had not actually provided W.J. with the RPM accommodation for the 2019-2020 school year.  (*Id*. ¶¶ 88-90.)  On August 31, 2021, IHO Mindy Wolman issued a decision holding that Defendant was obligated to utilize the RPM accommodation in W.J.'s IEP and failed to meaningfully do so for the 2019-2020 school year.  (*Id*. ¶¶ 90-93.)  IHO Wolman directed Defendant to reimburse Plaintiffs for the costs associated with home-based RPM services for the 2019-2020 school year.  (*Id*.)

Plaintiffs filed an action with this Court on September 18, 2020, requesting that the Court reverse the decision of SRO Bates and enjoin Defendant to continue reimbursing Plaintiffs for the cost of RPM services.  *See* Complaint, *Jusino et al. v. New York City Department of Education et al.*, 20-cv-4387 (E.D.N.Y. Sept. 18, 2020) ("Jusino I").  After IHO Wolman issued her decision, the Court denied Plaintiffs' request for an injunction as moot and directed Defendant to reimburse Plaintiffs for the cost of providing RPM services to W.J. throughout the pendency of the litigation regarding W.J.'s IEP for the 2019-2020 school year.  Order, *Jusino I*, 20-cv-4387 (E.D.N.Y. Jan. 5, 2022), *amended*, Order, *Jusino I*, 20-cv-4387 (E.D.N.Y. Mar. 15, 2022).  Plaintiffs filed the instant action on February 15, 2022, alleging that Defendant's refusal to provide W.J. with RPM services amounted to discrimination and retaliation in violation of the ADA and Section 504, and that Plaintiffs are entitled to compensatory and punitive damages.

3

On September 29, 2023, the Court granted Defendant's partial motion to dismiss, holding that the Court lacks subject matter jurisdiction over Plaintiffs' claims with respect to the 2020-2021 and 2021-2022 school years because Plaintiffs failed to exhaust their administrative remedies under the Individuals with Disabilities Education Act ("IDEA") with respect to these school years, and Plaintiffs failed to allege that it would have been futile to do so.

## STANDARD OF REVIEW

Rule 60 of the Federal Rules of Civil Procedure allows courts to relieve a party from a final judgment on the basis of several specified circumstances, including mistake, newly-discovered evidence, "fraud ..., misrepresentation, or misconduct by an opposing party," or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). "The standard for granting ... a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked ... matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks and citation omitted). A motion for reconsideration is not a vehicle for relitigating already-decided issues. *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) ("It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.' "); *see also Maldonado v. Local 803 I.B. of Tr. Health & Welfare Fund*, 490 F. App'x 405, 406 (2d Cir. 2013) ("A Rule

4

60(b) motion is properly denied where it seeks only to relitigate issues already decided." (citation omitted)).

## DISCUSSION

Plaintiffs move for reconsideration on the grounds that (1) the Court overlooked critical facts supporting Plaintiff's futility exception argument and (2) the Supreme Court's holding in *Fort Bend County, Texas v. Davis* precludes the Court from dismissing Plaintiff's claim pursuant to Rule 12(b)(1) for failure to exhaust their administrative remedies under the IDEA. (Pls.' Mot. for Reconsideration ("Pls.' Mot.") at 2-3, ECF No. 25.) The Court disagrees.

### I.      Futility Exception

Plaintiffs contend that the Court "incorrectly minimized" or ignored allegations relevant to their argument that their claims were exempt from the IDEA's exhaustion requirement because the exhaustion of administrative remedies would have been futile. (Pl.'s Mot. at 1-4.) Specifically, Plaintiffs point the Court to allegations that they filed three due process complaints and an appeal regarding W.J.'s 2019-2020 IEP and that, despite the issuance of multiple orders "affirm[ing] and reaffirm[ing] Defendant's obligation to implement RPM into [W.J.'s] curriculum," Defendant repeatedly made false statements and misleading representations suggesting that the DOE was complying with these orders, and then continuously failed to do so. (*Id*. at 2.) The Court did not overlook these facts in its analysis, these facts simply do not alter the conclusion of the Court.

Contrary to Plaintiffs' proposition in the instant motion, in their opposition to the motion to dismiss, Plaintiffs indeed offered little to support their claim that a futility exemption was warranted with respect to the 2020-2021 and 2021-2022 school years. (*See* Pl.'s Opp. Mot.

5

Dismiss at 10-12, ECF No. 19.)  Plaintiffs argued that exhaustion of administrative remedies would have been futile because (1) Plaintiffs filed multiple due process complaints with respect to the RPM accommodation in W.J.'s 2019-2020 IEP, (2) three IHOs and an SRO reaffirmed that Defendant was obligated to incorporate RPM into W.J.'s 2019-2020 IEP, and (3) IHO Wolman told Plaintiffs that, aside from issuing an order, "there's not much that [she] could do to force [Defendant] to implement an order."  (*See id.*)  The Court considered each of these allegations.  However, even with a liberal construction of the entire complaint, the Court determined that the futility exception did not apply.  *See Jusino v. New York City Dep't of Educ.*, No. 22-CV-853, 2023 WL 6385703, at *1-2, *6-7, *7 n.4 (E.D.N.Y. Sept. 29, 2023).  Specifically, the Court highlighted that (1) Plaintiffs had successfully used the administrative process repeatedly for the school years between 2015 and 2019, (*Id*. at 12), (2) Plaintiffs made no allegations of systemic discrimination, (*Id*. at 12-13), and (3) Plaintiffs failed to submit copies of W.J.'s 2020-2021 and 2021-2022 IEPs, from which the Court could infer the specific requirements that Defendants were to follow for those school years (*Id*. at 13-14).

Plaintiffs now argue that the Court "completely ignored Plaintiffs' allegations that Defendant had offered misleading statements and false sworn testimony regarding the implementation of RPM."  (Pls.' Mot. at 4.)  Notably, Plaintiffs did not argue this fact in their opposition.[3]  In any event, the Court made explicit reference to Defendant's concession that it "did not utilize the RPM method in any of W.J.'s classes, though it was obligated to do so" elsewhere in its opinion. *Jusino,* 2023 WL 6385703, at *2.  That the Court did not reference it in

---

[3] Plaintiffs only refer to Defendant's false statements a single time in the "Procedural History" portion of their opposition to the motion to dismiss and made no effort to tie this allegation to their futility argument. (Pls.' MTD Opp. at 5.)

its futility analysis does not call for reconsideration. That said, to be plain, the fact that Defendant had misled IHO De Leon and SRO Bates in hearings regarding W.J.'s accommodation for the 2019-2020 school year doesn't serve to alter the Court's conclusion. As the Court noted, Plaintiffs prevailed on the claims they brought against Defendant in the administrative proceedings, including a favorable determination made after Defendant's alleged misrepresentation was revealed. The Court maintains that the futility exception does not apply.

## II.    Lack of Subject Matter Jurisdiction

The Court is also unpersuaded by Plaintiffs' argument that the Court's dismissal of their claim due to lack of subject matter jurisdiction was clearly erroneous in light of the Supreme Court's decision in *Fort Bend County, Texas v. Davis*, which held that exhaustion provisions in Title VII are mandatory claims processing rules and not jurisdictional deficiencies subject to dismissal under Rule 12(b)(1). (*See* Pls.' Mot. at 1.) *See Fort Bend Cnty, Texas v. Davis* 587 U.S. 541, 550-51 (2019). Plaintiffs contend that the determination of whether they exhausted their administrative remedies under the IDEA is a "merits-related inquiry" that cannot be the basis for a Rule 12(b)(1) dismissal. (*Id.*) That assertion is unsupported by case law in this circuit.

The Supreme Court in *Fort Bend* held that, in the context of a Title VII claim, the requirement to file a charge with the EEOC prior to bringing a case in federal court is a mandatory claims processing rule and not a jurisdictional bar that deprives the federal court of subject matter jurisdiction. *Fort Bend Cnty.*, 587 U.S. at 550-51. Plaintiffs fail to direct the Court to any case law that might suggest that this holding applies to claims under the IDEA. Although the Second Circuit has considered the question, it has not expressly overturned its prior

7

holdings that a plaintiff's failure to exhaust administrative remedies under the IDEA deprives the federal court of subject matter jurisdiction. *See Ventura de Paulino v. New York City Dep't of Educ.*, 959 F.3d 519, 530 (2d Cir. 2020), *cert. denied,* 141 S. Ct. 1075 (2021), *reh'g denied,* 141 S. Ct. 1530 (2021) ("Although we have questioned more recently the supposed jurisdictional nature of the exhaustion requirement [under the IDEA] . . . we are arguably bound by those earlier statements."); *see also K.M. v. Adams*, No. 20-4128, 2022 WL 4352040, at *3 (2d Cir. Aug. 31, 2022), *cert. denied,* 143 S. Ct. 2658 (2023) ("Because the [plaintiffs] cannot point to any non-waived basis on which to excuse their failure to exhaust their administrative remedies as required by the IDEA, the district court properly concluded that it lacked subject-matter jurisdiction over [the plaintiffs'] IDEA claims."). In fact, the Second Circuit in *Ventura de Paulino v. New York City Dep't of Educ.* explicitly declined to decide whether its prior holdings, that failure to satisfy the IDEA's exhaustion requirement is a jurisdictional bar, remain good law. *See id.* at 551 n.44 ("[W]e are not forced to decide whether our precedent in *Polera* and *Murphy*, which labels the IDEA's exhaustion requirement as a rule affecting subject matter jurisdiction rather than an 'inflexible claim-processing' rule that may be waived or forfeited, remains good law ... because there can be no claim of waiver or forfeiture here.").

Even assuming, *arguendo*, that the Supreme Court's holding in *Fort Bend* establishes that the IDEA's exhaustion requirement is a mandatory claims processing rule, this would not alter the Court's conclusion because Plaintiffs' failure to exhaust administrative remedies is still fatal to their claim. If a claims-processing rule is mandatory, "a court must enforce the rule if a party 'properly raise[s]' it." *Fort Bend*, 587 U.S. at 549 (citing *Eberhart v. United States*, 546 U.S. 12, 19 (2005)). Mandatory claims processing rules are subject to the doctrine of waiver and

8

forfeiture. *Eberhart*, 546 U.S. at 19 ("These claim-processing rules thus assure relief to a party properly raising them, but do not compel the same result if the party forfeits them."); *see also Coleman v. Newburgh Enlarged City Sch. Dist.*, 503 F.3d 198, 203 (2d Cir. 2007). Plaintiffs do not contend that Defendant waived or forfeited the non-exhaustion argument, and it is clear to the Court that Defendant did not, given that it was raised as the grounds for its motion to dismiss. (*See* Def.'s Mot. Dismiss at 9-12, ECF No. 16.) "Though not jurisdictional, mandatory claim-processing rules remain mandatory." *Donnelly v. Controlled Application Rev. & Resol. Program Unit*, 37 F.4th 44, 56 (2d Cir. 2022). Therefore, because Defendant raised Plaintiffs' failure to exhaust administrative remedies as a defense to Plaintiffs' claims, the Court must enforce it. *Id.* ("The Supreme Court has repeatedly said that if a party properly raises a mandatory claim-processing rule, the rule is unalterable.") (citations and alterations omitted). So regardless, the holding in *Fort Bend* would not save Plaintiff's claim.

\*         \*         \*

Nevertheless, although Plaintiffs' asserted grounds for reconsideration fail, the Court vacates its September 29, 2024 ruling on separate grounds, due to an intervening change in the law. On June 5, 2024, the Second Circuit in *Simmons v. Murphy* abrogated its previous holdings that the IDEA "requires exhaustion of claims premised on the denial of a FAPE even where such claims seek a remedy – such as compensatory damages – that the IDEA does not provide." No. 23-288-CV, 2024 WL 2837625, at \*3 (2d Cir. June 5, 2024); *see Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 245 (2d Cir. 2008); *Polera v. Bd. of Educ. of Newburgh Enlarged City Sch. Dist.*, 288 F.3d 478, 487-88 (2d Cir. 2002). The Second Circuit found that the Supreme Court's recent holding in *Luna Perez v. Sturgis Public Schools* "adopted a narrower view of the

9

IDEA exhaustion requirement," holding that the requirement "applies *only* to claims that seek a remedy available under the IDEA." *Id*. (citing *Luna Perez v. Sturgis Public Schools*, 598 U.S. 142 (2023)) (emphasis in original).  In *Luna Perez*, the Supreme Court considered the IDEA's exhaustion provision alongside the provision of the IDEA stating that "nothing in [the IDEA] shall be construed to restrict the ability of individuals to seek remedies under the ADA or other [f]ederal laws protecting the rights of children with disabilities." *Luna Perez*, 598 U.S. at 147 (internal citations and alterations omitted).  The Supreme Court rejected the interpretation that the IDEA requires Plaintiffs to exhaust administrative remedies "before [they] may pursue a suit under another federal law if that suit seeks relief for the same *underlying harm* [the] IDEA exists to address." *Id*. (emphasis in original).  Instead, the Court in *Luna Perez* adopted the interpretation that the IDEA requires a plaintiff to exhaust administrative procedures "only to the extent he pursues a suit under another federal law for *remedies* [the] IDEA also provides," and therefore the exhaustion requirement does not foreclose a plaintiff's claims under the ADA and Section 504 when, for example, these claims "seek[] only compensatory damages, a remedy everyone . . . agrees [the] IDEA cannot supply." *Id*.  Based on the Supreme Court's holding, the Second Circuit determined that claims seeking compensatory and punitive damages under the ADA and Section 504, "need not be exhausted, even if such claims seek to redress the denial of a FAPE." *Simmons*, 2024 WL 2837625 at *3.  Therefore, in the instant action, Plaintiffs' claims for compensatory and punitive damages under the ADA and Section 504 for the school years after 2019-2020 are not subject to the IDEA's exhaustion requirement and must not be dismissed for failure to exhaust those remedies.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for reconsideration is GRANTED. The Court vacates its decision on Plaintiffs' claims for compensatory and punitive damages pursuant to the ADA and Section 504 with regard to the 2020-2021 and 2021-2022 school years. The Clerk of Court is respectfully directed to mail a copy of this Order to pro se Plaintiffs.

SO ORDERED.

Dated: Brooklyn, New York
       September 30, 2024

/s/ LDH
LaSHANN DeARCY HALL
United States District Judge